# CHOATE & BROWN, Appellants, *v.* THE BULLION MINING COMPANY, Respondent.

*A motion for a continuance is always addressed to the sound discretion of the Court, and should not be interfered with except where there has been a manifest abuse of that discretion.*

Appeal from the District Court of the First Judicial District of the Territory of Nevada, Hon. J. W. North, presiding.

The affidavit on motion for continuance in this case shows that affiant is the Superintendent of the Bullion Mining Company, the defendant; that defendant could not safely proceed to trial during that term of the Court because of the absence of one M. E. Letts, a material witness on the part of defendant; that Letts left the Territory of Nevada for the State of California in the month of November, 1862, and left said State in March, A. D. 1863; that immediately after arriving in said State he, the said Letts, in company with others, started to Lower California on a prospecting tour, and had been absent ever since; that immediately after this suit was commenced the affiant wrote to different places in order to ascertain his whereabouts so that his deposition might be taken, but that all his efforts to ascertain his whereabouts had failed.

. It further appears that said Letts was intending to return to Virginia City, and affiant believed that he would so return before the next term of the Court. That affiant had written to every place where said Letts might be expected to get his letters, yet that he had received no answer; that Letts' business is such that affiant knew he would return before many months. It also appeared that the defendant expected to prove by said Letts that he was the Secretary and agent of the Wellington Company from the time of its organization, immediately after the location of said ground, up to the Fall of 1861, and was conversant with all the business transactions of the company, and that the plaintiff, Choate, never, during said time, paid any assessments upon said ground, and that said Letts wrote many letters to said Choate concerning the ground in controversy, and received a letter in reply from him; that

said Letts informed affiant that Choate stated in said letter that he owned no ground in said company, and did not claim any, and that if his name was put in the location it was without his knowledge or consent; that if there was any ground represented by reason of his name being placed on said notice, the said company was at liberty to strike his name off from said notice, and the said letter fully empowered officers of the company to do so; that in accordance with the directions and power contained in said letters, and at the request of the plaintiff, Brown, the said company permitted other parties to take the said ground and pay assessments on the same; that Letts still had said letter in his possession, and that defendant could procure it when he arrived; that affiant knew of no one else by whom the same facts could be proved, and that the said letter cannot be procured until the said Letts can be heard from or returns; that his testimony could be obtained by the next term of the Court.

*Robinson & Foster*, Attorneys for Defendants.

*J. R. McConnell*, Attorney for Plaintiff.

Opinion by LEWIS, C. J., full Bench concurring.

At the trial of this cause before the referee, the defendant moved for a continuance, on the ground of the absence of a material witness.

The referee refused to grant the continuance, defendant excepted, and this is one of the grounds relied on for a reversal of the judgment which was in favor of the plaintiffs.

A motion for a continuance is always addressed to the sound discretion of the Court, and should not be interfered with except where there has been a manifest abuse of that discretion. In this case we think the affidavit upon which the continuance was claimed meets all the requirements of the statute, and the continuance should have been granted.

Other grounds for a reversal of the judgment are relied upon by the appellants, but as this is sufficient to authorize the reversal of the judgment, it is unnecessary to pass upon them.

Judgment reversed and a new trial ordered.